## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DMi PARTNERS, INC. | : | |
| **Plaintiff,** | : | No.: |
| v. | : | |
| LUMINESS DIRECT, LLC | : | |
| **Defendant.** | : | |

## COMPLAINT – CIVIL ACTION

AND NOW, comes plaintiff, DMi Partners, Inc. (hereinafter "DMi"), by and through its undersigned counsel, complaining of Luminess Direct, LLC (hereinafter "Luminess") and avers as follows:

### I. THE PARTIES

1. DMi is a Florida corporation, organized and existing under the laws of the State of Florida, with a principal place of business located at One South Broad Street, 11th Floor, Philadelphia, PA 19107.

2. DMi is in the business of, *inter alia*, online marketing and sales lead generation for various businesses, organizations and other entities.

3. Luminess is a Texas limited liability company, organized and existing under the laws of the State of Texas, with a principal place of business located at 12802 Capricorn St. Stafford, Texas 77477.

4. Luminess is in the business of cosmetics.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because DMi and Luminess are citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this action occurred and arose in this judicial district.

7. At all times material hereto, Luminess consented to the jurisdiction and venue of the United States District Court for the Eastern District of Pennsylvania, in accordance with the terms of the Affiliate Program Management Agreement (the "Agreement") entered into by the parties. See Agreement, p. 9, Section 15 attached as Exhibit "A."

## III. FACTUAL BACKGROUND

8. On January 6, 2022, the parties entered into the Agreement, whereby DMi agreed that it would provide Luminess with the following advertising management services:

> management of the Campaign(s), including but not limited to recruit and develop affiliates, and Influencers; suggest media placements; track clicks and sales; monitor TPSP(s)' performance; provide consulting services; and provide reporting and analytics and suggested enhancements (the "Services").

See Agreement, p. 2, Section 3. (a) attached as Exhibit "A."

9. In exchange for the Services, Luminess agreed to pay DMi a monthly fee of $6,000.00, plus a performance bonus of 4% of the monthly revenue generated as

determined by the sales numbers as processed by the third-party service provider. See Agreement, p. 4, Section 6, attached as Exhibit "A."

10. The Agreement provides that its term will continue for a period of 12 months unless terminated on 60 days' notice to the end of the term. See Agreement, p. 4, Section 5 attached as Exhibit "A."

11. The Agreement requires invoices issued by DMi to be paid upon receipt and states a monthly interest charge of 1.5% for all unpaid invoices. See Agreement, p. 5, Section 6 attached as Exhibit "A."

12. In accordance with the terms of the Agreement, DMi provided Luminess with the requested Services based on sales number processed by the third-party service provider.

13. On or about November 30, 2024, DMi issued Luminess invoice no. 38996 (the "November 2024 Invoice"), seeking payment in the amount of $8,958.72, comprised of the management fee and a performance incentive fee. See November 2024 Invoice attached as Exhibit "B."

14. On or about December 31, 2024, DMi issued Luminess invoice no. 39142 (the "December 2024 Invoice"), seeking payment in the amount of $10,131.87, comprised of the management fee and a performance incentive fee. See December 2024 Invoice, attached as Exhibit "C."

15. On or about January 31, 2025, DMi issued Luminess invoice no. 39301 (the "January 2025 Invoice"), seeking payment in the amount of $ 8,125.83, comprised of the management fee and a performance incentive fee. See January 2025 Invoice, attached as Exhibit "D."

16.　　On or about February 28, 2025, DMi issued Luminess invoice no. 39502 (the "February 2025 Invoice"), seeking payment in the amount of $8901.28 comprised of the management fee and a performance incentive fee. $104.64 of the February 2025 Invoice remains due. See February 2025 Invoice, attached as Exhibit "E."

17.　　On or about May 31, 2025, DMi issued Luminess invoice no. 39941 (the "May 2025 Invoice"), seeking payment in the amount of $6,222.25, comprised of the management fee and a performance incentive. See May 2025 Invoice, attached as Exhibit "F."

18.　　On or about June 30, 2025, DMi issued Luminess invoice no. 40070 (the "June 2025 Invoice"), seeking payment in the amount of $7,607.61, comprised of the management fee and a performance incentive. See June 2025 Invoice, attached as Exhibit "G."

19.　　On or about July 31, 2025, DMi issued Luminess invoice no. 40191 (the "July 2025 Invoice"), seeking payment in the amount of $7,611.07, comprised of the management fee and a performance incentive. See July 2025 Invoice, attached as Exhibit "H."

20.　　On or about August 31, 2025, DMi issued Luminess invoice no. 42120 (the "August 2025 Invoice"), seeking payment in the amount of $ 7,252.15, comprised of the management fee and a performance incentive. See August 2025 Invoice, attached as Exhibit "I."

21.　　On or about September 30, 2025, DMi issued Luminess invoice no. 42255 (the "September 2025 Invoice"), seeking payment in the amount of $7,763.79, comprised

of the management fee and a performance incentive. See September 2025 Invoice, attached as Exhibit "J."

22. On or about October 30, 2025, DMi issued Luminess invoice no. 42376 (the "October 2025 Invoice"), seeking payment in the amount of $8,021.72, comprised of the management fee and a performance incentive. See October 2025 Invoice, attached as Exhibit "K."

23. On or about November 30, 2025, DMi issued Luminess invoice no. 42513 (the "November 2025 Invoice"), seeking payment in the amount of $6,000.00, comprised of the management fee. See November 2025 Invoice, attached as Exhibit "L."

24. On or about December 31, 2025, DMi issued Luminess invoice no. 42626 (the "December 2025 Invoice"), seeking payment in the amount of $6,000.00, comprised of the management fee. See December 2025 Invoice, attached as Exhibit "M."

25. On or about January 31, 2026, DMi issued Luminess invoice no. 42744 (the "January 2026 Invoice"), seeking payment in the amount of $6,000.00, comprised of the management fee. See January 2026 Invoice, attached as Exhibit "N."

26. The invoices identified in paragraphs 13 through 25 shall hereinafter collectively be referred to as the "Invoices."

27. Pursuant to the terms of the Agreement and Invoices, payment was due upon the due date indicated in each invoice, after which a monthly late charge of 1.5% of the outstanding balance would begin to accrue.

28. Despite repeated requests by DMi for payment, Luminess has refused to issue payment for the Invoices.

29. When DMi spoke with Rick Gatian, CFO with Luminess, on or about September 10, 2025 about the past due Invoices, Mr. Gatian stated that Luminess was having cash flow issues and unable to pay the outstanding invoices.

30. Mr. Gatian asked what DMi would be willing to offer to resolve the outstanding invoices and DMi suggested a pause of the Agreement to catch up on past due invoices.

31. Mr. Gatian indicated a desire to enter into a pause agreement, and one was sent directly to him for review on September 11, 2025.

32. Upon review of the pause agreement, Mr. Gatian sent correspondence that Luminess was still unable to pay as stated under the pause agreement as they needed some funds to come in the fourth quarter of the year before they could pay. See Email Correspondence, attached as Exhibit "O."

33. DMi sent a proposed updated agreement to Mr. Gatian to review.

34. Mr. Gatian thereafter sent DMi a follow up email wherein he disputed the fees Luminess incurred pursuant to the terms of the Agreement and did not agree to the proposed updated agreement.

35. On October 28, 2025, Mr. Gatian provided a termination notice and notice of breach for not crediting Luminess with Mr. Gatian's recalculated fees. See Termination Notice, attached as Exhibit "P."

36. The Agreement affords the parties the right to terminate upon 30 days notice of a breach; however, in the absence of a breach any notice of termination is of no effect before the conclusion of the current term of the Agreement.

37. The current term of the Agreement is August 1, 2025 throught July 31, 2026.

38. Luminess' termination notice results in the Agreement not renewing for another 12-month term as of July 31, 2026; however, the termination notice does not excuse Luminess' liability for the $6,000 monthly management fee agreed to by the parties through the remainder of the term ending on July 31, 2026.

39. Accordingly, Luminess still owes the $6,000 monthly management fee for February through July 2026, in addition to owing the amounts set forth in the Invoices.

40. In accordance with the terms of the Agreement DMi engaged in substantive discussions for a period of at least 60 days before initiating legal action.

41. Luminess continues to argue that DMi is in breach for not crediting them for the amounts they have determined based on their own methods of calculation as opposed to the contractual methods stated in the Agreement and as standard in affiliate marketing.

## COUNT I
## BREACH OF CONTRACT

42. DMi hereby incorporates by reference paragraphs 1 through 41, as though set forth at length herein.

43. In accordance with the Agreement and Luminess's requests, DMi performed the Services for the benefit of Luminess and under the terms of the Agreement.

44. As a result of the performance of said Services, and in accordance with the terms agreed upon by the parties, DMi issued Luminess the Invoices, detailing the amount owed for Services rendered.

45. From November 2024 through January 2026, DMi issued Invoices to Luminess, totaling $90,709.99.

46. DMi fully performed the contracted Services and Luminess has materially breached the Agreement for failure to submit payment for the outstanding invoices.

47. The Agreement provides that past due invoices incur a monthly late charge of 1.5%.

48. As of February 17, 2026, Luminess has incurred interest charges on the outstanding invoices totaling $9,143.79 in addition to the $90,709.99 in outstanding invoices, for a total amount due of $99,853.78.

49. Additionally, Luminess also owes an additional monthly service charge for February 2026, March 2026, April 2026, May 2026, June 2026 and July 2026 in the amount of $36,000 ($6,000 per month), bringing the total amount it owes to DMi pursuant to the terms of the Agreement to $135,853.78.

WHEREFORE, DMi demands that judgment be entered in its favor against Luminess, in the amount of $135,853.78, plus interests, costs, and such other relief as this Court deems just and proper.

By: /s/ Brett N. Benton
Richard M. Ochroch
Brett N. Benton
Andrew R. Ochroch
OCHROCH BENTON, P.C.
318 S. 16th Street
Philadelphia, PA 19102
Telephone: (215) 735-2707
rochroch@ochroch-law.com
bbenton@ochroch-law.com
aochroch@ochroch-law.com
Attorneys for Plaintiff, DMi Partners, Inc.

Date: 2/27/26